**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                       :
PAUL E. CARPENTER,                     :   CIVIL ACTION NO. 10-5319 (MLC)
                                       :
     Plaintiff,                        :        O P I N I O N
                                       :
     v.                                :
                                       :
UNITED STATES OF AMERICA,              :
et al.,                                :
                                       :
     Defendants.                       :
                                       :
```

**THE PLAINTIFF PRO SE**, who is currently a New Jersey citizen, applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.) This Court, based upon the plaintiff's current financial situation, will (1) grant the Application, and (2) deem the Complaint to be filed. See Order, Carpenter v. Pennsylvania State University, No. 06-3600 (3d Cir. Aug. 23, 2006), ECF No. 7 (granting plaintiff in-forma-pauperis relief in separate action).

**THE PLAINTIFF** apparently brings this action ("New Jersey Federal Action") pursuant to jurisdiction under Section 1331, as he cites (1) various sections of the Social Security Act, (2) the Americans with Disabilities Act, (3) various federal criminal statutes, and (4) the United States Constitution. (Dkt. entry no. 1, Compl. at 1.) His allegations address incidents that (1) occurred from 1989 to 2010, and (2) are unrelated to each other. (See, e.g., id. at 3 (stating "[f]or over 15 years now Carpenter

hasn't been able to get any help from NJ, PA, or America").) The Complaint is ten pages long, but has 64 single-spaced paragraphs. The plaintiff appears to list several defendants in the caption of the Complaint: (1) The United States of America, (2) "The Veterans Administration (Affairs)", (3) "The Social Security Administration, Commissioner Michael J. Astrue", (4) "Equal Employment Opportunity Commission[,] Chair Jacqueline A. Berrien [and] Commissioner Stuart J. Ishimaru", (5) State of New Jersey, (6) Commonwealth of Pennsylvania, (7) DSPCon Inc., (8) Forster, Garbus & Garbus, and (9) Roy Hoffman. (Id. at 1.) The Complaint has an appendix containing approximately, in effect, 150 pages.[1]

**THE PLAINTIFF** brought a similar action in the United States Court for the Middle District of Pennsylvania ("Pennsylvania Federal Action"). See Compl., Carpenter v. Pennsylvania State University, No. 06-1378 (M.D. Pa. July 13, 2006), ECF No. 1. The complaint in the Pennsylvania Federal Action was written in the same style as the Complaint in the New Jersey Federal Action. Id. It had a 197-page appendix annexed thereto. The Judge in the Pennsylvania Federal Action dismissed that complaint, noting that (1) it amounted to "a flagrant violation of Rule 8", (2) "[i]t certainly does not set forth in brief, concise, and understandable

---

[1] There are many instances in the appendix wherein several pages are copied onto one page. For instance, the page of the appendix designated by the plaintiff as "12a" actually consists of four pages imposed thereon.

terms of what he is complaining", and (3) "[a]nswering Carpenter's complaint in standard form, that is, by admission or denial, would be impossible".  Order at 3, <u>Carpenter v. Pennsylvania State University</u>, No. 06-1378 (M.D. Pa. July 17, 2006), ECF No. 9 ("Pennsylvania Federal Order").  The Judge also stated:

> The complaint is also defective in several other respects.  First, the criminal statutes . . . relied on by Carpenter do not provide a basis for or confer jurisdiction on this court with respect to a private civil cause of action.
>
> Second, Carpenter has inappropriately joined multiple claims and parties in this action.  Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:
>> (a) Permissive Joinder. All persons... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.
>
> Fed.R.Civ.P. 20(a).
>
> While Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all

> cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).
>
> Carpenter's complaint includes a host of unrelated claims spanning a period of years and involving many individuals. These claims do not arise out of the same transaction or occurrence or series of transactions or occurrences. Moreover, Carpenter's various claims do not involve an issue of law or fact common to all defendants. . . .
>
> Third, other than the possibility of Carpenter having a claim under the Americans with Disabilities Act we are unable to discern from our review of the complaint that any of Carpenter's rights under federal law have been violated. Carpenter appears to be raising in his complaint every "misfortune" that has befallen him since the year 2000, including adverse rulings in state court civil and criminal litigation and in proceedings before the United States Equal Employment Opportunity Commission. . . .
>
> Fourth, we note that many of the Defendants named in the complaint are either immune from suit or not subject to suit under the civil right statutes.

Pennsylvania Federal Order at 3-6 (footnotes omitted). The Third Circuit Court of Appeals, in dismissing the plaintiff's appeal from the Pennsylvania Federal Order for lacking an arguable basis in law or fact, "agree[d] with the District Court's assessment of Carpenter's complaint". Carpenter v. Pa. State Univ., 206 Fed.Appx. 120, 121 (3d Cir. 2006). The United States Supreme Court, in turn, denied the plaintiff's petition for a writ of certiorari. See 552 U.S. 882 (2007).

**IT IS NOT** the Court's function to discern a claim from "a hodgepodge of claims in a single case". Pennsylvania Federal Order at 5. This Court will dismiss the Complaint in the New Jersey Federal Action for the same reasons presented in the Pennsylvania Federal Action.

**TO THE EXTENT** that the plaintiff asserts that the New Jersey Federal Action is "associated" with two New Jersey state court matters (Compl. at 1), the Court notes that the proper way to seek review of decisions rendered in state court is to exhaust the state appellate process, and then seek certiorari directly to the United States Supreme Court. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414-16 (1923). The Rooker-Feldman doctrine bars adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders. See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005). This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a state court decision.

**TO THE EXTENT** that any of the claims concern a state court action that is ongoing, this Court must abstain from exercising jurisdiction pursuant to the Younger abstention doctrine. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).

**TO THE EXTENT** that any of the claims concern a denial of benefits by the Social Security Administration, the proper way to seek review of such a denial is set forth in 42 U.S.C. §§ 405(g)-(h) and 1383(c).

**TO THE EXTENT** that the plaintiff seeks to bring claims pursuant to 18 U.S.C. §§ 241, 242, 245, 246, and 371, they are barred because these provisions do not give rise to a private cause of action.  See Lusick v. Lawrence, 378 Fed.Appx. 118, 121 (3d Cir. 2010); Carpenter v. Ashby, 351 Fed.Appx. 684, 688 (3d Cir. 2009); Barr v. Camelot Forest Conservation Ass'n, 153 Fed.Appx. 860, 861-62 (3d Cir. 2005); Fairfax v. Astrue, No. 09-2160, 2010 WL 4703554, at *5 (E.D. Pa. Nov. 18, 2010); Shahin v. Darling, 606 F.Supp.2d 525, 531 n.7, 538 (D. Del.), aff'd, 350 Fed.Appx. 605 (3d Cir. 2009).

**TO THE EXTENT** that the plaintiff seeks to attain certain benefits from the United States Department of Veterans Affairs ("DVA"), his sole avenue for relief, pursuant to the Veterans' Judicial Review Act, is to (1) file a claim at a regional DVA office, and (2) bring an appeal from an unfavorable decision to the Board of Veterans' Appeals, and then — if necessary — to the Court of Appeals for Veterans Claims, the Court of Appeals for the Federal Circuit, and the United States Supreme Court.  See Lewis v. Norton, 355 Fed.Appx. 69, 70 (7th Cir. 2009).

**TO THE EXTENT** that the plaintiff asserts any discernible allegations concerning a conspiracy by the defendants to deprive him of federal rights, such allegations appear to be based on mere speculation and thus are without merit.  See Gera v. Pennsylvania, 256 Fed.Appx. 563, 565-66 (3d Cir. 2007).

**THE COURT** also notes the plaintiff's displeasure resulting from his interactions with the staff of the Office of the Clerk of the Court.  (See dkt. entry no. 2, Pl. Letter.)  The Court will thus order the plaintiff to limit his communications with the Court to written form.  See Purveegiin v. USCA 3rd Cir. Cts., 223 Fed.Appx. 182, 182 (3d Cir. 2007) (noting plaintiff was instructed to communicate in writing with court).  For good cause appearing, the Court will issue an appropriate order and judgment.


                                    s/ Mary L. Cooper                   
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:  December 16, 2010

7